# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| David Munz, | |
| Plaintiff, | No. C06-67-EJM |
| vs. | |
| Dubuque Chief of Police, et al., | INITIAL REVIEW ORDER |
| Defendants. | |

This matter is before the court on plaintiff's complaint pursuant to 42 USC §1983, submitted on May 23, 2006, as well as his application to proceed in forma pauperis. Application to Proceed in Forma Pauperis granted; Dismissed.

On June 5, 2006, noting plaintiff's application to proceed in forma pauperis was insufficient, the court directed plaintiff to submit a certificate of inmate account. Plaintiff has complied. Based on the application with certificate of inmate account, in forma pauperis status shall be granted and the Clerk of Court shall file the complaint without prepayment of the filing fee. Plaintiff and the custodial agency shall be required to comply with 28 USC §1915(b).

While plaintiff's complaint and supporting documentation is not a model of clarity, it appears that he challenges the validity of his confinement including revocation of probation, and further raises complaints about medical treatment, seeking substantial damages therefor.

Plaintiff is unable to indirectly challenge his incarceration by commencing a 42 USC §1983 action. In Preiser v. Rodriguez, 411 US 475, 500 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 USC §1983 claim.

The plaintiff's label of his action cannot be controlling. Kruger v. Erickson, 77 F3d 1071, 1073 (8th Cir. 1996) (citing Preiser, 411 US at 489-90). If a plaintiff is challenging the validity or duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. Thus, to the extent plaintiff challenges his probation revocation, his claim shall be dismissed.

To the extent that plaintiff's complaint sounds in deliberate indifference to serious medical needs, the Eighth Amendment places a duty on jail and prison officials to provide inmates with necessary medical attention. Wilson v. Seiter, 501 US 294, 303 (1991); Weaver v. Clark, 45 F3d 1253, 1255 (8th Cir. 1995). In this context, the Eighth Amendment is violated by deliberate indifference either to a prisoner's existing serious medical needs or to conditions posing a substantial risk of serious future harm. Weaver, 45 F3d at 1255. An Eighth Amendment violation occurs only when two requirements are met: (1) "the deprivation alleged must be, objectively, 'sufficiently serious,'" and (2) the "prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety." Beyerbach v. Sears, 49 F3d 1324, 1326 (8th Cir. 1995) (citations omitted).

To constitute an objectively serious medical need or a deprivation of that need, the need or the deprivation either must be supported by medical evidence or must be so obvious that a layperson would recognize the need for a doctor's attention. Aswegan v. Henry, 49 F3d 461, 464 (8th Cir. 1995); Johnson v. Busby, 953 F2d 349, 351 (8th Cir. 1991). The objective portion of the deliberate indifference standard requires a showing of verifiable medical evidence that the defendants ignored an acute or escalating situation, or that delays adversely affected the prognosis given the type of medical condition present in the case. See Dulany v. Carnahan, 132 F3d 1234, 1243 (8th Cir. 1997) (citations

omitted). To meet the second requirement, the "subjective" component of an Eighth Amendment claim, a prison or jail official must have a "sufficiently culpable state of mind." Wilson, 501 US at 297-303. In a medical needs claim, that state of mind is one of "deliberate indifference" to inmate health. Wilson, 501 US at 302-303. Thus, to establish the second requirement, "deliberate indifference," a plaintiff must assert facts showing the defendant actually knew of and disregarded a substantial risk of serious harm to the plaintiff's health or safety.

Medical treatment that displays "deliberate indifference" violates the Eighth Amendment whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Foulks v. Cole County, 991 F2d 454, 456-57 (8th Cir. 1993). Negligent acts by prison officials, however, are not actionable under 42 USC §1983. See Davidson v. Cannon, 474 US 344, 347-48 (1986); Daniels v. Williams, 474 US 327, 333-34 (1986); Taylor v. Bowers, 966 F2d 417, 421 (8th Cir. 1992). Further, an inmate's disagreement or displeasure with his course of medical treatment is not actionable under 42 USC §1983. Dulany, 132 F3d at 1239-44 (8th Cir. 1997).

Upon review of plaintiff's submissions in light of the foregoing authority, it is the court's view that plaintiff fails to state a claim of an Eighth Amendment violation.

For the foregoing reasons, plaintiff's action shall be dismissed.

It is therefore

ORDERED

1) Application to Proceed in Forma Pauperis granted.

3

2) Plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid.

3) The agency having custody of the plaintiff is directed to forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.

4) Dismissed.

October 27, 2006.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT